

**United States Department of Justice**

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Craig W. Broadwater Federal Building
217 West King Street          Phone: (304) 262-0590
Suite 400                     FAX:   (304) 262-0591
Martinsburg, WV 25401

May 22, 2015

JUNE 17  LAG  TC

FILED
AUG 04 2015
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Lisa Green, Esquire
P.O. Box 506
Shepherdstown, WV 25443

In re:   United States v. Kody William Brown
         Criminal No.:

Dear Ms. Green:

This will confirm conversations with you concerning your client, Kody William Brown, (hereinafter referred to as "Defendant" or "Mr. Brown"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.  Defendant will waive presentment to a Grand Jury and will plead guilty to an Information Charging False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 922(a)(6) of the above-referenced Indictment.

2.  The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a period of ten (10) years, a fine of $250,000.00; a term of three (3) years of supervised release.

[handwritten annotations: "not more than" LAG KB PT / "not more than" LAG KB PT / "not more than" LAG KB PT]

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

_____          _June 30/15_____
Kody William Brown, Defendant          Date

_____          _7/6/2015_____
Lisa Green, Esquire                    Date
Counsel for Defendant

- 1 -

3. Defendant will be completely forthright and truthful with regard to the all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also recommend that the remaining counts in the Indictment be dismissed.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the defendant understands that the Court is **not** bound by these sentence recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7. Contingent upon Defendant's payment of the $100.00 special assessment fee **within 40 days following the entry of his plea**, the United States will make the following **nonbinding** recommendations:

        A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction

_____      _June/30/15_____
Kody William Brown, Defendant               Date

_____      _7/6/2015_____
Lisa Green, Esquire                             Date
Counsel for Defendant

      for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the defendant is eligible under the "Guidelines"**, then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before ~~June 12~~, 2015 at 5:00 p.m. and returns an executed copy to the United States by that day; *PTC*
      *LAG, July 8  PTC*

C. The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

  8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment within 40 days following the entry of his plea**, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

  9. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of the defendant with regard to the Indictment is a straw purchase of one RSA, .357 magnum revolver, serial number 202622 from Berkeley Springs Trading Post, a federally licensed firearms dealer, on behalf of Colin Crosen. Colin Crosen used that firearm in a homicide the same day. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, defendant will not have the right to withdraw his plea of guilty.

  10. Mr. Brown is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court determines that defendant's base offense level under the advisory Guidelines is a Level 24 or less:

    a. to appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

_____   _June 30/15_____
Kody William Brown, Defendant        Date

_____   _7/6/2015_____
Lisa Green, Esquire            Date
Counsel for Defendant

      b.  to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.

      Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

      This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

      11.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by defendant or her counsel.

      12.    The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in a pre-sentencing debtor examination. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access the defendant's credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. The defendant agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court imposes a schedule of payments, the defendant agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court

_/s/ Kody Brown_                                            _June 30/15_
Kody William Brown, Defendant                  Date

_/s/ Lisa A. Green_                                      _7/6/2015_
Lisa Green, Esquire                                  Date
Counsel for Defendant

specifically directs participation or imposes a schedule of payments. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of the defendant's payment status or history at the time of said submission.

13. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

14. If the defendant's plea is not accepted by the Court or is later set aside or if she breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15. The above fourteen (14) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

         Very truly yours,

         WILLIAM J. IHLENFELD, II
         United States Attorney

By: Paul T. Camilletti
   Assistant United States Attorney

_____   June/30/15
Kody William Brown, Defendant   Date

_____   7/6/2015
Lisa Green, Esquire       Date
Counsel for Defendant

- 6 -

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____  
Kody William Brown, Defendant

_____  
Lisa Green, Esquire  
Counsel for Defendant

_June 30, 15_____  
Date

_August 4, 2015_____  
Date